ANDRÉ BIROTTE JR.
United States Attorney
SANDRA BROWN
Assistant United States Attorney
Chief, Tax Division
GAVIN GREENE
Assistant United States Attorney
Federal Building, Room 7211
300 North Los Angeles Street
Los Angeles, California 90012
Telephone: (213) 894-4600
Facsimile:  (213) 894-0115

JOSE A. OLIVERA
California Bar No. 279741
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 7238
Washington, DC 20044
Telephone: (202) 353-0703
Facsimile: (202) 514-6770
E-mail: jose.a.olivera@usdoj.gov
Attorneys for the United States

JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. CV 13-1052-MWF(Ex) |
| Plaintiff, | ORDER OF PERMANENT INJUNCTION AGAINST HENOCK TEFERI, RUTH BERHANE, AND PLOVER FINANCIAL SERVICES LLC |
| vs. | |
| HENOCK TEFERI, RUTH BERHANE, PLOVER FINANCIAL SERVICES, LLC (d/b/a Instant Tax Service), | |
| Defendants. | |

1

Pursuant to the Stipulation of Permanent Injunction Against Henock Teferi, Ruth Berhane, And Plover Financial Services LLC, and all matters properly made part of the record:

1. Defendants, without admitting any of the allegations in the complaint, waive the entry of findings of fact and conclusions of law and voluntarily consent to the entry of this permanent injunction without further notice and agree to be bound by its terms.

2. Defendants admit that the Court has personal jurisdiction over them pursuant to 28 U.S.C. §§ 1340 and 1345, and subject matter jurisdiction pursuant to 26 U.S.C. §§ 7402(a), 7407(a) and 7408(a).

3. Defendants further understand and agree that:

    a. This Agreed Order of Permanent Injunction will be entered under Fed. R. Civ. P. 65 and will result in the entry, without further notice, of a Final Judgment in this matter;

    b. Defendants waive the right to appeal from this Agreed Order of Permanent Injunction;

    c. The Parties will bear their own costs, including any attorneys' fees or other expenses of this litigation;

    d. The Court will retain jurisdiction over this matter for the purpose of implementing and enforcing this Agreed Order of Permanent Injunction;

    e. If Defendants violate this Injunction, Defendants may be subject to civil and criminal sanctions for contempt of court;

    f. The United States may conduct full post judgment discovery to monitor compliance with this Injunction.

    g. Entry of this Agreed Order of Permanent Injunction does not resolve nor precludes the government from pursuing any other civil matters or proceedings, including penalties, or any current or future criminal

matters or proceedings, nor precludes the Defendants from contesting liability in any matter or proceeding.

   h. Plover and Defendants have separated from ITS Financial LLC and TCA Financial LLC and are now operating a separate tax preparation business from these entities. Plover terminated its franchise agreement with ITS Financial LLC and is currently in litigation with ITS Financial LLC.

**I. IT IS HEREBY ORDERED**, pursuant to I.R.C. §§ 7402, 7407 and 7408, Defendants Teferi, Berhane and Plover, and any individual or entity acting in active concert or participation with them, including representatives, agents, servants, employees, and attorneys, are **PERMANENTLY ENJOINED** from directly or indirectly, by use of any means or instrumentalities from:

   i. Engaging in conduct subject to penalty under 26 U.S.C. § 6701, including aiding, instructing, assisting, encouraging, enabling, inciting, or advising (or supervising or managing others who aid, instruct, assist, encourage, enable, incite, or advise) with respect to the preparation or presentation of any portion of a tax return, claim, or other document, that Defendants know or have reason to know will be used as to a material matter arising under federal tax law, and will result in the understatement of the liability for tax of another person;

   ii. Aiding, instructing, assisting, encouraging, enabling, inciting, or advising (or supervising or managing others who aid, instruct, assist, encourage, enable, incite, or advise) taxpayers to understate their federal tax liabilities or assert unreasonable, frivolous, or reckless positions, or preparing or assisting in the preparation or filing of tax returns for others that Defendants know (or have

3

reason to know) will result in the understatement of any tax liability under 26 U.S.C. § 6662, or is subject to penalty under 26 U.S.C. § 6694;

iii. Knowingly and improperly aiding, instructing, assisting, encouraging, enabling, inciting, or advising (or supervising or managing others who improperly aid, instruct, assist, encourage, enable, incite, or advise) customers to evade or avoid the assessment or collection of their federal tax liabilities or to claim improper tax refunds;

iv. Knowingly engaging in any activity subject to penalty under 26 U.S.C. § 6695, including failing to (or supervising or managing others who fail to) exercise due diligence in determining taxpayers' eligibility for the Earned Income Tax Credit;

v. Knowingly organizing, promoting, providing, advising, or selling (or supervising or managing others who organize, promote, provide, advise or sell) business or tax services that facilitate or promote noncompliance with federal tax laws or regulations administered by the Internal Revenue Service;

vi. Knowingly, directly or indirectly, accepting assistance from, or assisting any person who is under disbarment or suspension from practice before the Internal Revenue Service if the assistance relates to a matter constituting practice before the Internal Revenue Service; and

vii. Knowingly engaging in other conduct that substantially interferes with the proper administration and enforcement of the internal revenue laws.

**II. IT IS FURTHER ORDERED** that Defendants and their employees and agents shall, in their preparation of tax returns, in accordance with applicable IRS rules and regulations:

  i.  Prepare and file tax returns reporting Schedule C income and expenses only in instances when the customer substantiates with proper documentation, the reported income and expenses prior to the filing of the tax return;

  ii. Retain in customer files a copy of all customer records and documentation for at least five years that substantiate reported Schedule C income and expenses reflected in tax returns they prepare for their customers;

  iii. Retain in customer files all records and documentation for at least five years that substantiate deductions claimed in tax returns prepared by Defendants.

  iv. Retain in customer files all records and documentation for at least five years that verify that claimed dependents and child care credits on tax returns prepared for their customers meet all qualifications for dependent status;

  v. Verify and document the marital status of all customers for whom Defendants prepare a tax return that claims head-of-household status, as well as retain in customer files all records for at least five years showing that these customers meet all requirements for claiming head-of-household status;

  vi. Retain in customer files all records and documentation, including but not limited to Form 1098-T, for at least five years that both substantiate all incurred education expenses reported on customer tax returns in connection with any claim for education tax credits

    and confirm that the customer qualifies for the education tax credit;

 vii. The terms "preparation" or "prepare" in this Order do not include preparing a draft tax return for training purposes or marketing purposes, such as giving a potential customer a general idea as to the amount of his or her federal tax refund, or to estimate the cost of preparing a tax return.  If a draft tax return is signed by a taxpayer or by the return preparer or any other individual employed by Defendants, it shall be deemed to not be for training or marketing purposes.

**III. IT IS FURTHER ORDERED** that Defendants or any entity they own or operate shall, among their procedures for hiring tax preparers, conduct background checks of all such individuals, including for criminal convictions, and refrain from hiring anyone convicted of a felony relating to fraud, theft or similar conduct, to act as a tax return preparer.  In addition, all tax preparers hired by Defendants also shall verify that their tax preparers meet the requisite standards lawfully prescribed by the I.R.S. to be designated a registered tax return preparer and possess a current and valid preparer tax identification number.

**IV. IT IS FURTHER ORDERED** that Defendants and any entity they own or operate, as well as their employees, are permanently enjoined from offering any loan or refund advance product that is not a RAL product as defined herein.  With respect to W-2 employee customers, a "RAL product" is a loan or refund advance product that is offered by Defendants or a third party only after receiving a genuine W-2 issued by the customer's employer.  Non-RAL products include paystub, holiday, or Instant Cash loans or advance products, which are offered to customers in connection with or using information obtained from the customer's paystub and not a

genuine W-2 issued by the customer's employer. They also are enjoined from misleading customers into thinking they offer a loan or refund advance product, if in fact they do not.

A. In the event that a third-party lender provides a RAL product and that RAL product otherwise fully complies with all federal laws, including but not limited to the Equal Credit Opportunity Act and Truth in Lending Act, and fully complies with all state laws, including but not limited to all consumer protection, disclosure, finance, lending and usury laws, and that RAL product is offered using information from genuine W-2s and not paystubs, then Defendants also may offer that RAL product if the lender providing the product is not undercapitalized, is a genuine third-party lender, and is not affiliated with or owned, controlled, or operated by Defendants.

B. Moreover, Defendants may offer a RAL product only if they provide accurate TILA disclosures to all program applicants and written Notification of Adverse Action to all applicants who are denied a RAL, whether or not TILA or ECOA is applicable to the program.

C. Defendants, however, must disclose all costs associated with such products, must provide a comparison of the time in which a refund related to such a product will be received versus when a refund will be received directly from the US Treasury and, are enjoined from misrepresenting the terms, loan amounts, eligibility, and fees or costs associated with such RAL product to any customer, and from charging unconscionable fees in connection with either the RAL product or Defendants' tax preparation services.

V. **IT IS FURTHER ORDERED** that Defendants are permanently enjoined from filing a tax return using a customer paystub in lieu of a genuine Form W-2 issued by the customer's employer. Defendants are authorized and

required to retain a copy of all Forms W-2 used to prepare or file a tax return in each applicable customer's file. Defendants also are enjoined from: (1) obtaining executed forms from their customers authorizing the electronic filing of a customer's tax return until Defendants have first obtained all documentation required for preparation of the tax return, including all Forms W-2, and have prepared the return and had the customer review the return; (2) causing or permitting any document, including tax forms, to bear a signature date other than the date that the signatory actually signed the document; or (3) creating false or purported Forms W-2 using customer paystubs or other information.

VI. **IT IS FURTHER ORDERED** that if either: (1) Teferi or Berhane knowingly files or knowingly causes any of their employees and/or agents to file tax returns during any tax year based upon information obtained solely from customer paystubs and not from a Form W-2 obtained from the taxpayer's employer; or (2) if Defendants' employees or agents file more than a de minimus number of tax returns during any tax year based upon information obtained solely from customer paystubs and not from a Form W-2 obtained from the taxpayer's employer, then Defendants shall be permanently enjoined from acting as federal tax return preparers, supervising or managing federal tax return preparers, or assisting with, or directing the preparation or filing of federal tax returns, amended returns, claims for refund, or other related documents, for any person or entity other than themselves, or appearing as representatives on behalf of any person or organization in connection with any laws or regulations administered by the Internal Revenue Service. Further, in the event the provisions of this paragraph become effective, Defendants consent, without further proceedings, to immediate revocation of their PTINs and disbarment from practice before the Internal Revenue Service in any capacity. For this

purpose, the procedures contained at 31 C.F.R. §§10.82(c) - (e) shall apply, without benefit of the provisions contained in §§10.82(f) or (g).

**VII.**    **IT IS FURTHER ORDERED** that Defendants shall disclose to each of their customers, both in writing and orally, the total amount of fees to be charged *prior* to filing the customer's tax return. Defendants are also permanently barred from charging fees:

    i.    That are not disclosed to and agreed to by the client;

    ii.    For services that are not performed or for items that do not exist, including, for example, fees described as or substantially similar to non-existent Service Bureau fees;

    iii.    That, in total, exceed the sum disclosed to the customer and agreed to by the customer prior to the filing of each tax return; or

    iv.    That are unconscionable.

Third party software and technology costs incurred by Defendants that are disclosed and charged to customers are not considered to be Service Bureau fees.

**VIII.**    **IT IS FURTHER ORDERED** that for the purpose of determining or securing compliance with this Order, for four years from the date of this order a neutral monitor shall be selected by Defendants and shall be approved by a representative designated by the United States Department of Justice, to monitor Defendants' tax preparation activities. Defendants shall execute all necessary consent forms required under 26 U.S.C. § 6103 for the I.R.S. to communicate directly with the neutral monitor. The neutral monitor shall be an outside entity or person and shall:

    i.    Be an enrolled agent or certified public accountant who is compensated by Defendants;

ii. Commence monitoring activities on the day before Defendants begin preparing or filing federal tax returns for others during each tax season and cease monitoring activities no earlier than April 15 of each year (the "Annual Monitoring Period"). Defendants are enjoined from operating a tax return preparation business without a neutral monitor in place during the Annual Monitoring Period;

iii. Have access to all records, employees, and customers of Defendants, including permission to observe customer interviews conducted by Defendants' tax return preparers;

iv. Randomly select, inspect and review a minimum sample of 250 federal tax returns prepared by Defendants or their employees during the first 10 days of each Annual Monitoring Period, along with the corresponding customer files to ensure substantiation of information reported on each tax return (including Schedule C substantiation, where applicable), to confirm that these returns were not filed using customer paystubs, and to monitor compliance with this Order. At least ten percent of the tax returns reviewed shall be Schedule C returns;

v. Randomly select, inspect and review a minimum sample of 150 federal tax returns prepared on the 11th to 25th day of each Annual Monitoring Period by Defendants or their employees, along with the corresponding customer files to ensure substantiation of information reported on each tax return (including Schedule C substantiation, where applicable), to confirm that these returns were not filed using customer paystubs, and to monitor compliance with this Order. At least ten percent of the tax returns reviewed shall be Schedule C returns;

    vi.    Randomly select, inspect and review a minimum sample of 25 federal tax returns prepared by Defendants or their employees for the remainder of each Annual Monitoring Period, along with the corresponding customer files to ensure substantiation of information reported on each tax return, to confirm that these returns were not filed using customer paystubs, and to monitor compliance with this Order;

    vii.    Collectively, during the Annual Monitoring Period, include in the total sample of tax returns selected for review, tax returns prepared at each of Defendants' different business locations; and

    viii.    Provide a written report to the designated representative of the United States, within thirty days of completion of the Annual Monitoring Period, setting forth in detail the manner and form in which Defendants have or have not complied with the terms of this Order, including the results of the review of tax returns, the identity of any customers whose tax returns fail to comply with the terms of this Order and the identity of those tax return preparers who prepared those non-compliant returns, as well as the amount of fees or other amounts charged to each customer, and any other findings.

**IX.  IT IS FURTHER ORDERED** that Defendants produce to counsel for the United States within 45 days of this injunction order a list that identifies by name, address, telephone number if available, and tax period(s), all persons who have engaged them to file a federal tax return or other tax document since January 1, 2011.

**X.  IT IS FURTHER ORDERED** that Defendants must send by certified mail an executed copy of this Agreed Order of Permanent Injunction to all

former employees of Plover since January 1, 2011 who Defendants know currently operate a tax return preparation business or are paid tax return preparers. Defendants must mail the copies within 60 days of the date of this Order to the last known address of each of these individuals. The mailings shall include a cover letter in a form agreed to by counsel for the United States or approved by the Court, and shall not include any other documents or enclosures except those specifically mentioned herein.

**XI.** **IT IS FURTHER ORDERED** that Defendants mail or hand deliver an executed copy of this Agreed Order of Permanent Injunction to all current employees and all employees hired by Defendants for the next three years beginning on December 31, 2012. Defendants must mail the copies or hand deliver the copies to all current employees within 45 days of the date of this Order. The mailings shall include a cover letter in a form agreed to by counsel for the United States or approved by the Court, and shall not include any other documents or enclosures except those specifically mentioned herein.

**XII.** **IT IS FURTHER ORDERED** that Defendants must, within 75 days of the date of this order, file with the Court a sworn certificate stating that they have complied with the requirements set forth in Paragraphs IX and X of this Order, and provide to government counsel a list of the names and addresses of all persons who have been notified.

**XIII.** **IT IS FURTHER ORDERED** that the Court shall retain jurisdiction to enforce this injunction. The United States is permitted to engage in post-

judgment discovery in accordance with the Federal Rules of Civil Procedure to ensure compliance with this permanent injunction.

**IT IS SO ORDERED.**

Dated: February 21, 2013   _____
United States District Judge

Respectfully submitted,
NATHAN E. CLUKEY
   (D.C. Bar No. 461535)
SEAN M. GREEN
   (D.C. Bar. No. 978858)
RUSSELL J. EDELSTEIN
   (MA Bar No. 663227)


_____
JOSE A. OLIVERA
   (CA Bar. No. 279741)
Trial Attorneys, Tax Division
U.S. Department of Justice
Post Office Box 7238
Washington, D.C.  20044
Telephone: (202) 616-9067
Facsimile: (202) 514-6770
nathan.e.clukey@usdoj.gov
Counsel for Plaintiffs

Approved as to form and content

_____
HENOCK TEFERI
Defendant

Dated: _____

_____
RUTH BERHANE
Defendant

Dated: _____

_____
PLOVER FINANCIAL SERVICES LLC
Defendant

Dated: _____

_____
DENNIS PEREZ
   (CA Bar. No 106555)
CORY STIGILE
   (CA Bar. No. 235869)
Hockman, Salkin, Rettig, Toscher & Perez, P.C.
9150 Wilshire Boulevard, Suite 300
Beverly Hills, CA 90212
Counsel for Defendants

Dated: _____

| | |
|---|---|
| 1 | |
| 2 | |
|   | _____    _____ |

```
 1
 2   _____        _____
 3   NATHAN E. CLUKEY              HENOCK TEFERI
        (D.C. Bar No. 461535)      Defendant
 4   SEAN M. GREEN
        (D.C. Bar. No. 978858)     Dated: _____
 5   RUSSELL J. EDELSTEIN
        (MA Bar No. 663227)        _____
 6   JOSE A. OLIVERA               RUTH BERHANE
        (CA Bar. No. 279741)       Defendant
 7   Trial Attorneys, Tax Division
     U.S. Department of Justice    Dated: _____
 8   Post Office Box 7238
     Washington, D.C.  20044       _____
 9   Telephone: (202) 616-9067     PLOVER FINANCIAL
     Facsimile: (202) 514-6770     SERVICES LLC
10   nathan.e.clukey@usdoj.gov     Defendant
     Counsel for Plaintiffs
11                                 Dated: _____
12
                                   _____
13                                 DENNIS PEREZ
                                      (CA Bar. No 106555)
14                                 CORY STIGILE
                                      (CA Bar. No. 235869)
15                                 Hockman, Salkin, Rettig,
                                   Toscher & Perez, P.C.
16                                 9150 Wilshire Boulevard,
                                   Suite 300
17                                 Beverly Hills, CA 90212
                                   Counsel for Defendants
18
                                   Dated: _____
19
20
21
22
23
24
25
26
27
28
```

15